B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Alexander Nicolas | DEFENDANTS   LIBERTY UNIVERSITY<br>DEPT. OF EDUCATION /AIDVANTANGE<br>CES/DEPT EDUCATION<br>DEPT OF ED/MOHELA |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>ALEXANDER NICOLAS -PRO-SE<br>3414 SHADY SUNRISE<br>LOOP<br>PLANT CITY FL 33565 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

ADVERSARY PROCEEDING COMPLAINT PROCEEDINGS PURSUANT TO 11 U.S.C. UNDER R. Fed. R. Bankr. P. 7056;(FRBP 7001-7087).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
   (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

*U.S. BANKRUPTCY COURT  2026 APR 22 P 1:37  FILED*

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>ALEXANDER NICOLAS | BANKRUPTCY CASE NO. | Case#<br>20-12575-ELF |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF ALEXANDER NICOLAS | DEFENDANT LIBERTY UNIVERSITY DEPT. OF EDUCATION /AIDVANTANGE CES/DEPT OF EDUCATION DEPT OF ED/MOHELA | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF PENNSYLVANIA | DIVISION OFFICE<br>Eastern | NAME OF JUDGE<br>Chief Judge Ashely M. Chan |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>4/14/26 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>*Alexander Nicolas* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                        CHAPTER 7

ALEXANDER NICOLAS,                            Case#20-12575-ELF
        Debtor,

---

ALEXANDER NICOLAS,
        Plaintiff,
        v.
DEPT. OF EDUCATION
/ADVANTAGE LOANS

        Defendants.

---

ALEXANDER NICOLAS,

        Plaintiff,
        v.
CES/DEPT OF EDUCATION

        Defendants.

---

ALEXANDER NICOLAS,

        Plaintiff,
        v.
DEPT OF ED/MOHELA

        Defendants.

---

ALEXANDER NICOLAS,

        Plaintiff,
        v.
LIBERTY UNIVERSITY

        Defendants.

**ADVERSARY PROCEEDING**

**COMPLAINT PROCEEDINGS**
**PURSUANT TO** 11 U.S.C. UNDER R.
**Fed. R. Bankr. P. 7056; (FRBP**
**7001-7087).**



## I. INTRODUCTION

Plaintiff, Alexander Nicolas (Debtor) in the above current legal matter, by and through The Pro-Se process,  comes before the Court by way of the Plaintiff's motion for **The ADVERSARY COMPLAINT PROCEEDINGS PURSUANT TO 11 U.S.C. UNDER R. Fed. R. Bankr. P. 7056, under** Case#20-12575-ELF.  In this  adversary proceedings Plaintiff Alexander Nicolas ("the Debtor"), acting pro se, seeks a discharge of several of her student loan debts.1 See 11 U.S.C. §523(a)(8). Please take note that  the court has jurisdiction under 28 U.S.C. § 1334 and that this is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## PRELIMINARY STATEMENT

The four (4) adversary proceedings presently before the court are against American Education Services ("AES"). Currently presents a debt to Plaintiff Alexander Nicolas ("the Debtor") in each of the three (4) adversary proceedings, asserting that the facts support details on the loan (amount, interest rate), the debtor's income, expenses, and employment. The current educational loans present an "Undue Hardship" to Plaintiff Alexander Nicolas ("the Debtor"). The current Argument supports the three *Brunner* factors:

1.  Cannot maintain a minimal standard of living if forced to repay.
2.  This state of affairs will likely persist.
3.  Good faith efforts have been made to repay.
4.  Prayer for Relief: A request for the court to enter judgment discharging the student loans.

1

The Debtor filed a Schedule F, filed in the main bankruptcy case, (Bky. 20-12575-ELF), the

Debtor listed the following student loans:

| | |
|---|---|
| DEPT. OF EDUCATION /AIDVANTANGE LOANS | $468,000.77 |
| CES/DEPT OF EDUCATION | $20,500.00 |
| DEPT OF ED/MOHELA | $33,034.34 |
| LIBERTY UNIVERSITY | $1,685.50 |

## VENUE

1.   The Venue is located in  Pennsylvania bankruptcy courts which is proper in the district (

UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF PENNSYLVANIA)

where the debtor has resided, been domiciled, or kept their principal place of business/assets for

the longest portion of the 180 days before filing.

## PARTIES

2.    Plaintiff Dr. Alexander Nicolas is an adult male citizen of the United States of America

residing at 912 Parker St., Langhorne, PA 19047.

3.   Defendant, DEPT. OF EDUCATION /ADVANTAGE LOANS, known as Aidvantage (a

U.S. Dept. of Education loan servicer) handles payments and general correspondence via

separate addresses. Loan payments should be mailed to P.O. Box 4450, Portland, OR

97208-4450.

4.   Defendant, CES/DEPT OF EDUCATION known as The U.S. Department of Education's

is the current loan servicer whose office or general mailing address for federal student

loans is P.O. Box 87130, Lincoln, NE 68501. Loan payments should be mailed to P.O.

Box 2837, Portland, OR 97208-2837.

5.  Defendant, DEPT OF ED/MOHELA known as **MOHELA who is the current student

loan servicer whose address is** 633 Spirit Drive Chesterfield, MO 63005-1243.

2

6. Defendant, LIBERTY UNIVERSITY educational creditor, whose **Physical Campus Address (General),** 1971 University Blvd, Lynchburg, VA 24515

## GENERAL ALLEGATIONS

7. **Allegations of Undue Hardship:** Factual claims demonstrating why the loan cannot be repaid. Courts in the Third Circuit (including PA) typically apply the three-prong **Brunner test,** requiring evidence that:

8. The debtor cannot maintain a minimal standard of living if forced to repay the loans.

9. Additional circumstances exist indicating this state of affairs is likely to persist for a significant portion of the repayment period.

## II. PROCEDURAL HISTORY

10. The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on June 9, 2020. The Debtor received a chapter 7 discharge on September 24, 2020 and her case was closed on October 15, 2020, (Bky20-12575-ELF).

11. On January 1, 2026, the Debtor filed a motion to re-opened to initiate these adversary proceedings by filing three (4) complaints.

12. On March 4, 2026 Debtor filed an additional Notice of Motion to provide notice to all old and newly added creditors, the trustee.invite all creditors to Court hearing to which took place on March 4, 2026 at 12:00am., in which no creditor presented any opposition motion. This action allows the proceeding judge to grant Motion to reopen the current (Bky. 20-12575-ELF).

## III. LEGAL ARUGUMET

3

## POINT I
## MAINTAINING MINIMAL OF STANDARD LIVING

13. The Debtor cannot maintain a minimal standard of living if forced to repay. In addition, the current student loans mentioned above will bring Future Financial Hardship, based on the context of bankruptcy law under the Means Test legal standards. The Means Test in Chapter 7 is used to determine if a debtor is eligible to file for Chapter 7 bankruptcy or if they must convert their case to Chapter 13. According to legal standards the primary purpose of the Means Test is to ensure that only people who genuinely cannot afford to pay back their debts based on their income and allowed expenses. An assessment has been made and provided to the Bankruptcy Eastern District of Pennsylvania court for the court to compare Debtor average monthly income over the last six months to the median income for a household of your size in his state.

14. PLEASE TAKE NOTE that there is No Abuse Presumption. Furthermore, the Debtors income is below the median, which supports that there is no presumption of abuse. This test outcome is the Debtors prove to the court that the Debtor has not reopened filing in this current Chapter 7 in bad faith to avoid debts you could actually repay. According to the Debtors income Means Test the Debtor is below the state median, which means he "pass" the test and is eligible for Chapter 7.

15. The Guidance explains that consideration of student loan debt discharge requires an evaluation of a borrower's past, present, and future financial circumstances, and is intended to apply in jurisdictions that follow either the *Brunner* test, *see Brunner v. New York State Higher Education Services Corp.,* 831 F.2d 395 (2d Cir. 1987), or a "totality of circumstances" test, *see, e.g., In re Long,* 322 F.3d 549 (8th Cir. 2003), to determine

4

undue hardship. An analysis of these factors, briefly discussed below, can be found in the Guidance.

16. In this adversary proceedings, Plaintiff Alexander Nicolas ("the Debtor"), acting pro se, seeks a discharge of several of her student loan debts.1 See 11 U.S.C. §523(a)(8). Please take note that the court has jurisdiction under 28 U.S.C. § 1334 and that this is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

POINT II
Undue Hardship (Student Loans)

17. Alexander Nicolas ("the Debtor"), is seeking to discharge student loan debt governed by §523(a)(8) assumes the burden of establishing that accepting that debt from discharge will cause the debtor and his or her dependents "undue hardship." See In re Faish, 72 F.3d 298, 304-05 (3d Cir. 1995); In re Zierden-Landmesser, 249 B.R. 65, 69-70 (M.D. Pa. 2000). Alexander Nicolas ("the Debtor"), is a retiree with a low pension income. The Debtor low income supports that the student loan debts would enable Alexander Nicolas (The Debtor) the inability to pay is permanent under the Key Elements of Undue Hardship (The Brunner Test) which have been presented in this Motion or Brief.

18. PLEASE BE ADVISED that Congress enacted §523(a)(8) to foster "the twin goals of rescuing the student loan program from fiscal doom and preventing abuse of the bankruptcy process by undeserving debtors." In re Pelkowksi, 990 F.2d 737, 743 (3d Cir. 1993). The Third Circuit in Faish adopted the three-part test for evaluating whether "undue hardship" exists set forth in Brunner v. New York State Higher Educ. Servs. Corp., 831 F.2d 395 (2d Cir. 1987): (1) present inability to repay the loan while maintaining a minimal standard of living; (2 additional circumstances suggesting that the

5

present inability to pay will continue for a significant period of the loan's repayment period; and (3) a past, good faith effort to repay the loan.

19. Alexander Nicolas (The Debtor) made a past good faith effort to repay the loan.  In re Brightful, 267 F.3d 324, 327 (3d Cir. 2001). The debtor bears the burden of establishing each element of the Brunner test by a preponderance of the evidence. See Easterling v. Collecto, Inc., 692 F.3d 229, 231-32 (2d Cir. 2012); see also In re Faish, 72 F.3d 298, 301 (3d Cir. 1995). This state of affairs will likely persist for Alexander Nicolas (The Debtor). The made the following attempts but not limited:

- Voluntary Repayment Plan: In [November/2025], the Debtor voluntarily entered into [an Income-Driven Repayment (IDR) Plan / a rehabilitation program] and maintained payments until [Public Service Loan Forgiveness] occurred in [April/2017].

- Communication with Servicer: The Debtor has kept the servicer informed of their situation, having contacted them [ten or more] times to discuss options, including requesting a hardship forbearance on [April/2017] to avoid default.

- Minimizing Expenses: The Debtor has lived on a strict budget, with expenses limited to basic necessities, leaving no discretionary income for loan repayment.

20. *Kleckner v. AESPHEAA/PHEAA*, Adv. No. 16-83 (E.D. Pa.), which involved a debtor suing for student loan discharge. In addition, Debtor has a dependent (Daughter) that has a mental Psychosis. Her condition supports or demonstrates a Financial Impairment. Which means that she is unable to take care of herself. Her condition has contributed to Debtor's financial hardship.

21. PLEASE TAKE NOTE that Psychosis often leads to a "litmus test" of failure in independent functioning. As mentioned her mental condition Demonstrating Financial Impairment. Her  Financial Impairment is supported in the follow areas: 1) **Inability to Earn Income**: Debtors dependant active symptoms (hallucinations, delusions) or cognitive impairments (disorganized thinking) make maintaining regular employment

6

impossible; and 2) **Impaired Financial Performance**: Deborts dependent cannot perform everyday tasks like budgeting, paying bills, or understanding complex financial instructions. The economical **Support Modification** for Debtor's dependant support the "extreme cost" of medications, therapy, and non-parental caregiver costs should be factored into support calculations.

POINT III
DISCHARGEABILITY OF STUDENT LOAN DEBT

22. The discharge of student loans is governed by 11 U.S.C. §523(a)(8), which provides:

(a) A discharge under section 727 of this title does not discharge an individual debtor from any debt (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or part by a governmental unit or nonprofit institution; or (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or (B) any other education loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual under 11 U.S.C. §523(a)(8).

23. PLEASE TAKE NOTE that a debtor seeking to discharge student loan debt governed by §523(a)(8) assumes the burden of establishing that excepting that debt from discharge will cause the debtor and his or her dependents "undue hardship." See In re Faish, 72 F.3d 298, 304-05 (3d Cir. 1995); In re Zierden-Landmesser, 249 B.R. 65, 69-70 (M.D. Pa. 2000).

24. Congress enacted §523(a)(8) to foster "the twin goals of rescuing the student loan

7

program from fiscal doom and preventing abuse of the bankruptcy process by undeserving debtors." In re Pelkowksi, 990 F.2d 737, 743 (3d Cir. 1993).

The Third Circuit in Faish adopted the three-part test for evaluating whether "undue hardship" exists set forth in Brunner v. New York State Higher Educ. Servs. Corp., 831 F.2d 395 (2d Cir. 1987): (1) present inability to repay the loan while maintaining a minimal standard of living; (2 additional circumstances suggesting that the present inability to pay will continue for a significant period of the loan's repayment period; and (3) a past, good faith effort to repay the loan.  In re Brightful, 267 F.3d 324, 327 (3d Cir. 2001).

25. The debtor bears the burden of establishing each element of the Brunner test by a preponderance of the evidence. See Easterling v. Collecto, Inc., 692 F.3d 229, 231-32 (2d Cir. 2012); see also In re Faish, 72 F.3d 298, 301 (3d Cir. 1995). The Debtor Alexander Nicolas is using This adversary proceedings to show his inability to pay is permanent.

POINT IV
Violation of the Automatic Stay

26. The current student creditor DEPT OF ED/ MOHELA  amount  $ 33,034.34 and LIBERTY UNIVERSITY amount $1,685.50 has violated the first requirement of § 362(k)(1) by continuing to contact Debtor regarding the outstanding bill (emails, and U.S.  mail) after being aware that the current Debtor Alexander Nicolas is currently.

27. The first requirement of § 362(k)(1) is "a violation of a stay provided by this section." 11 U.S.C. § 362(k)(1). The stay provided by § 362, the so-called "automatic stay," is in fact a collection of stays, all set forth in the eight enumerated paragraphs of subsection (a). The Debtor is  identifying in this Complaint which stay he claims DEPT OF ED/MOHELA  violated or precisely how DEPT OF ED/MOHELA and LIBERTY UNIVERSITY violated it. From our

8

scrutiny of the record, it appears that Debtors MOHELA and lIBERTY UNIVERSITY  has not

"Cease"  from sending Debtor collective correspondence. The creditor MOHELA  "willfulness"

is supported by both intent and scienter. On 2/24/26 and 01/05/26 Debtor made notification to the

creditor MOHELA and LIBERTY UNIVERSITY  WHICH SENT OR EMAIL AN UPDATED

PAYMENT BILL DATED 4/17/26.

28. PLEASE TAKE NOTE that "willfulness" the creditor's conduct was intentional.  The current

"willfulness"  violation has occurred within the meaning of § 362(k)(1).   This Motion supports

the "willfulness" action by creditor MOHELA AND LIBERTY UNIVERSITY actions which

have been intentional or planned, and committed with knowledge of the pendency of the

bankruptcy case "20-12575-ELF." Id. (citation omitted); see also Vázquez Laboy v. Doral Mortg.

Corp. (In re Vázquez Laboy), 647 F.3d 367, 374 (1st Cir. 2011) (quoting In re McMullen, 386

F.3d at 330). The intent required is simple intent to do the actions that constituted the violation,

see Fleet Mortg. Grp., Inc. v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999) and In re McMullen, 386

F.3d at 330, not specific intent to violate the automatic stay. Kaneb, 196 F.3d at 269.   The debtor

provided the creditor with actual notice." via-certified mail and via-email. Under 11 U.S.C. §

362(k)  "Once the creditor receives actual notice, the burden shifts to the creditor to prevent

violations of the automatic stay."

29. PLEASE TAKE NOTE that the current violation of Stay can be articulated under the scienter

requirement as "knowledge of the stay." Kaneb, 196 F.3d at 269.

PLEASE TAKE NOTE that "Section 11 U.S.C. § 362(a) prohibits the continuance of an

administrative proceeding to recover a claim against the Debtor that arose before the

commencement of the case. It also prohibits holding onto property of the Debtor after the

commencement of the case that was taken post-petition."

## IV. CONCLUSION

29. The Debtor has not "consciously or irresponsibly disregarded" their repayment obligation. Rather, they have made substantial and meaningful efforts to repay their loans and have dealt with the lender honestly.

30. WHEREFORE, Debtor respectfully requests that this Court find that the Debtor has made a good faith effort to repay their student loan, and that the Court grant such other relief as is just and proper (Granted - Total Discharge) from all student loans under this Motion for Summary Judgment.

BY: _____

DR. ALEXANDER NICOLAS
*Pro-Se Process*
3414 Shady Sunrise Loop
(267) 583-5886
*Email: info.arrecords@gmail.com*

Dated:  4/14/26

10

## UNITED STATES DISTRICT COURT EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER NICOLAS, <br><br> Debtor, | **Case#20-12575-ELF** <br> **CHAPTER 7** <br><br> **THE PLAINTIFF'S ADVERSARY** <br> **PROCEEDING COMPLAINT** <br> **PROCEEDINGS PURSUANT TO 11** <br> **U.S.C. UNDER R. Fed. R. Bankr. P.** <br> **7056; (FRBP 7001-7087).** |

## NOTICE OF MOTION, CREDITORS NOTIFICATION, HEARING DATE

## CERTIFICATE OF SERVICE

**THIS NOTICE IF TO CERTIFY THAT ALL PARTIES LISTED BELOW HAVE BEEN SERVED WITH THE ADVERSARY PROCEEDING COMPLAINT PROCEEDINGS PURSUANT TO 11 U.S.C. UNDER R. Fed. R. Bankr. P. 7056; (FRBP 7001-7087). CERTIFIED MAIL.CERTIFY DELIVERY HAVE BEEN MADE WITHIN THE 7 DAY CONTINGENCY TIME ALLOWED.**

Alexander Nicolas has filed a adversary and Motion for Summary Judgment (Granted - Total Discharge) on reopen Bankruptcy case (Case#20-12575-ELF). The purpose in these adversary proceedings and Motion for Summary Judgment, Plaintiff Alexander Nicolas ("the Debtor"), acting pro se, seeks a discharge of several of her student loan debts.1 See 11 U.S.C. §523(a)(8). Please take note that the court has jurisdiction under 28 U.S.C. § 1334 and that this is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

The three (4) adversary proceedings presently before the court are against American Education Services ("AES"). Currently presents a debt to Plaintiff Alexander Nicolas ("the Debtor") in each of the three (4) adversary proceedings, asserting that the facts support details on the loan (amount, interest rate), the debtor's income, expenses, and employment. The current educational loans present an "Undue Hardship" to Plaintiff Alexander Nicolas ("the Debtor"). The current Argument supports the three *Brunner* factors:

1. Cannot maintain a minimal standard of living if forced to repay.
2. This state of affairs will likely persist.

3. Good faith efforts have been made to repay.
4. Prayer for Relief: A request for the court to enter judgment discharging the student loans.

**This Notice of Motion is to provide notice to:** Parties to Serve for Federal Student Loans

If the U.S. Department of Education (DOE) is the defendant, you must serve the following three entities by first-class mail: [1, 2, 3]

1. Civil Process Clerk, Office of the United States Attorney
   - Address: 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106.
   - *Note:* This is the local office for the Eastern District of Pennsylvania.
2. Attorney General of the United States
   - Address: U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530.
3. U.S. Department of Education (Office of General Counsel)
   - Address: 400 Maryland Avenue, SW, Room 6E353, Washington, DC 20202. [1]
4. Mohela Department of Education
   Address: 633 Spirit Drive, Chesterfield, MO, 63005
5. Liberty University
   Address: Tuition Payment/Student Financial Services, 1971 University Blvd Lynchburg VA 24502
6. Dept Of Ed/aidvantage
   Address: Po Box 300001 Greenville, TX 75403

This notification is being sent to the U.S. Trustee for him to receive notice of the bankruptcy case and the new filing date for the "meeting of creditors" (Section 341 meeting), if necessary. The Debtor requests for the matter to be heard (IN PERSON OR VIA-ZOOM) before the proceeding judge on 4/29/2026 at 10:00am or at Court set time discretion by proceeding judge **Chief Judge Ashely M. Chan (Philadelphia) which** Hearings are generally held at the Robert N.C. Nix Sr. Federal Courthouse, 900 Market Street, Room #4, Philadelphia, PA 19107.

PLEASE TAKE NOTE that The Debtors filed a voluntary bankruptcy petition under Chapter 7 On June 9, 2020.
1. The Debtor received a discharge on 9/24/20.
2. The bankruptcy case was closed on 10/15/2020.
3. The movant seeks to file a Le.g., Motion for student loan relief "to afford relief to the debtor".
4. Case reopen motion heard on 3/4/26 at 12:30pm.

Note. Reopening the Case: A motion to reopen must generally be filed if the case is closed, usually requiring a filing fee, unless the purpose is solely to file a 11 U.S.C. 523(a)(3) adversary proceeding.
A motion to adversary and Motion for Summary Judgment (Granted - Total Discharge) on reopen Bankruptcy case (Case#20-12575-ELF) has been filed or sent to the Court on 3/19/26.

Requests for relief other than reopening, including relief based upon grounds for reopening the case, shall be made in separate motions or adversary proceedings.

WHEREFORE, movant respectfully requests that the Court enter an order **HEARING DATE** for this bankruptcy case.

BY: _____

DR. ALEXANDER NICOLAS
*Pro Se Process*
3414 Shady Sunrise Loop
(267) 583-5886
*Email: info.arrecords@gmail.com*

**Dated: 4/14/26**

Debtor requests for the matter to be heard (IN PERSON OR VIA-ZOOM) before the proceeding judge on 4/29/2026 at 11:00am or at Court set time discretion.

**Fill in this information to identify your case:**

Debtor 1    Alexander               Nicolas
       First Name         Middle Name         Last Name

Debtor 2
(Spouse, if filing)   First Name         Middle Name         Last Name

United States Bankruptcy Court for the:   Eastern District of Pennsylvania

Case number   20-12575-ELF
(If known)

**Check the appropriate box as directed in lines 40 or 42:**

According to the calculations required by this Statement:

☑ 1. There is no presumption of abuse.

☐ 2. There is a presumption of abuse.

☑ Check if this is an amended filing

# Official Form 122A–2

# Chapter 7 Means Test Calculation

04/22

To fill out this form, you will need your completed copy of *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A-1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

## Part 1:   Determine Your Adjusted Income

1. **Copy your total current monthly income.** ............................................................ Copy line 11 from Official Form 122A-1 here ➔ ........... $   6,660.00

2. **Did you fill out Column B in Part 1 of Form 122A–1?**

   ☐ No. Fill in $0 for the total on line 3.

   ☐ Yes. Is your spouse filing with you?

       ☑ No. Go to line 3.

       ☐ Yes. Fill in $0 for the total on line 3.

3. **Adjust your current monthly income by subtracting any part of your spouse's income not used to pay for the household expenses of you or your dependents.** Follow these steps:

   On line 11, Column B of Form 122A–1, was any amount of the income you reported for your spouse NOT regularly used for the household expenses of you or your dependents?

   ☑ No. Fill in 0 for the total on line 3.

   ☐ Yes. Fill in the information below:

   | State each purpose for which the income was used<br>For example, the income is used to pay your spouse's tax debt or to support people other than you or your dependents | Fill in the amount you are subtracting from your spouse's income |
   |---|---|
   | _____ | $_____ |
   | _____ | $_____ |
   | _____ | + $_____ |
   | Total. ...................................................................... | $_____ |

   Copy total here ............ ➔   – $_____

4. **Adjust your current monthly income.** Subtract the total on line 3 from line 1.          $   7,660.00

| Debtor 1 | Alexander | | Nicolas | | Case number *(if known)* 20-12575-ELF |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

## Part 2:  Calculate Your Deductions from Your Income

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not deduct any amounts that you subtracted from your spouse's income in line 3 and do not deduct any operating expenses that you subtracted from income in lines 5 and 6 of Form 122A–1.

If your expenses differ from month to month, enter the average expense.

Whenever this part of the form refers to *you*, it means both you and your spouse if Column B of Form 122A–1 is filled in.

5. **The number of people used in determining your deductions from income**

   Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

   3

**National Standards**      You must use the IRS National Standards to answer the questions in lines 6-7.

6. **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.

   $ 1,306.00

7. **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories—people who are under 65 and people who are 65 or older—because older people have a higher IRS allowance for health care costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

   **People who are under 65 years of age**

   7a.  Out-of-pocket health care allowance per person      $ 2,500.00

   7b.  Number of people who are under 65      X 5

   7c.  **Subtotal.** Multiply line 7a by line 7b.      $ 2,500.00   Copy here➡   $ 2,500.00

   **People who are 65 years of age or older**

   7d.  Out-of-pocket health care allowance per person      $_____

   7e.  Number of people who are 65 or older      X_____

   7f.  **Subtotal.** Multiply line 7d by line 7e.      $_____   Copy here➡ + $_____

   7g.  **Total**. Add lines 7c and 7f.......................................................   $_____   Copy total here➡  $_____

Debtor 1  Alexander _____ Nicolas _____     Case number (*if known*) 20-12575-ELF
         First Name    Middle Name       Last Name

**Local Standards**     You must use the IRS Local Standards to answer the questions in lines 8-15.

**Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:**

■ Housing and utilities – Insurance and operating expenses
■ Housing and utilities – Mortgage or rent expenses

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart.**

To find the chart, go online using the link specified in the separate instructions for this form.
This chart may also be available at the bankruptcy clerk's office.

8. **Housing and utilities – Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses. ....................................................................   $_____1,800.00

9. **Housing and utilities – Mortgage or rent expenses:**

   9a. Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses...................................................   $_____2,850.00

   9b. Total average monthly payment for all mortgages and other debts secured by your home.

   To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

   | Name of the creditor | Average monthly payment | | |
   |---|---|---|---|
   | Mid Funding/Synchrony Bank/Bank One | $_____33.00 | | |
   | TD/Bank-Target Credit Card- | $_____50.00 | | |
   | Best Buy/Calvary Spv/Portfolio Recovery | + $_____150.00 | | |
   | Total average monthly payment | $_____233.00 | Copy here➡ –$_____233.00 | Repeat this amount on line 33a. |

   9c. Net mortgage or rent expense.
   Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this amount is less than $0, enter $0. .........................................   $_____2,850.00  Copy here➡  $_____2,850.00

10. **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.**   $_____

   Explain why: _____
   _____

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

   ❑  0. Go to line 14.
   ❑  1. Go to line 12.
   ❑  2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area.   $_____300.00

Debtor 1    Alexander _____ Nicolas _____    Case number (if known) 20-12575-ELF
              First Name    Middle Name    Last Name

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

**Vehicle 1**   Describe Vehicle 1:   MERCEDES BENZ

13a.   Ownership or leasing costs using IRS Local Standard. .................................................   $ 663.00

13b.   Average monthly payment for all debts secured by Vehicle 1.
Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you filed for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| MERCES BENZ | $ 666.00 |
| | + $ |
| Total average monthly payment | $ 666.00 |

Copy here ➡   − $ 666.00   Repeat this amount on line 33b.

13c.   Net Vehicle 1 ownership or lease expense
Subtract line 13b from line 13a. If this amount is less than $0, enter $0. .............   $_____

Copy net Vehicle 1 expense here ..... ➡   $_____

**Vehicle 2**   Describe Vehicle 2:   MITSUBISHI OUTLANDER

13d.   Ownership or leasing costs using IRS Local Standard. ..............................................   $ 663.00

13e.   Average monthly payment for all debts secured by Vehicle 2.
Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| CAPITOL AUTO FINANCE | $ 663 |
| | + $ |
| Total average monthly payment | $ 663 |

Copy here ➡   − $ 663   Repeat this amount on line 33c.

13f.   Net Vehicle 2 ownership or lease expense
Subtract line 13e from 13d. If this amount is less than $0, enter $0. ..................   $_____

Copy net Vehicle 2 expense here ... ➡   $_____

14. **Public transportation expense:** If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the *Public Transportation* expense allowance regardless of whether you use public transportation.   $ 0.00

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*.   $ 0.00

| Debtor 1 | Alexander | | Nicolas | | Case number (if known) 20-12575-ELF |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**Other Necessary Expenses**    In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories.

16. **Taxes:** The total monthly amount that you will actually owe for federal, state and local taxes, such as income taxes, self-employment taxes, Social Security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.

Do not include real estate, sales, or use taxes.

$ 0.00

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.

Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.

$ 162.00

18. **Life insurance:** The total monthly premiums that you pay for your own term life insurance.  If two married people are filing together, include payments that you make for your spouse's term life insurance.  Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.

$ 200.00

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.

Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.

$ 0.00

20. **Education:** The total monthly amount that you pay for education that is either required:
   ■ as a condition for your job, or
   ■ for your physically or mentally challenged dependent child if no public education is available for similar services.

$ 0.00

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.

Do not include payments for any elementary or secondary school education.

$ 0.00

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.
Payments for health insurance or health savings accounts should be listed only in line 25.

$ 500.00

23. **Optional telephones and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.

Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122A-1, or any amount you previously deducted.

+ $ 147.00

24. **Add all of the expenses allowed under the IRS expense allowances.**
Add lines 6 through 23.

$3,641.00

Debtor 1    Alexander                          Nicolas                          Case number (if known) 20-12575-ELF
         First Name      Middle Name          Last Name

**Additional Expense Deductions**        These are additional deductions allowed by the Means Test.
                                         *Note*: Do not include any expense allowances listed in lines 6-24.

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

| | |
|---|---|
| Health insurance | $ _____ 0.00 |
| Disability insurance | $ _____ 0.00 |
| Health savings account | + $ _____ 0.00 |
| Total | $ _____ 0.00 |

Copy total here ➔ .................................... $ _____ 0.00

Do you actually spend this total amount?

❏ No. How much do you actually spend?            $ _____
❏ Yes

26. **Continuing contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C. § 529A(b).                    $ _____ 4,000.00

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.
By law, the court must keep the nature of these expenses confidential.                    $ _____ 0.00

28. **Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses on line 8.
If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs.
You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.                    $ _____ 300.00

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $189.58* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.
You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.                    $ _____ 0.00

   *  Subject to adjustment on 4/01/25, and every 3 years after that for cases begun on or after the date of adjustment.

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.
To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.
You must show that the additional amount claimed is reasonable and necessary.                    $ _____ 400.00

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 26 U.S.C. § 170(c)(1)-(2).                    + $ _____ 500.00

32. **Add all of the additional expense deductions.**
Add lines 25 through 31.                    $ _____ 4,900.00

Debtor 1    Alexander _____ Nicolas _____    Case number (if known) 20-12575-ELF _____
            First Name    Middle Name    Last Name

**Deductions for Debt Payment**

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

   To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

   **Average monthly payment**

   **Mortgages on your home:**

   33a. Copy line 9b here ................................................................ ➜  $ _____ 233.00

   **Loans on your first two vehicles:**

   33b. Copy line 13b here. .............................................................. ➜  $ _____ 666.00

   33c. Copy line 13e here. .............................................................. ➜  $ _____ 663

   33d. List other secured debts:

   | Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
   |---|---|---|---|
   | _____ | _____ | ❑ No  ❑ Yes | $ _____ |
   | _____ | _____ | ❑ No  ❑ Yes | $ _____ |
   | _____ | _____ | ❑ No  ❑ Yes | + $ _____ |

   33e. Total average monthly payment. Add lines 33a through 33d. .............. $ _____    Copy total here ➜    $ _____

34. **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

   ☑ No.  Go to line 35.
   ❑ Yes. State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

   | Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
   |---|---|---|---|---|
   | _____ | _____ | $ _____ | ÷ 60 = | $ _____ |
   | _____ | _____ | $ _____ | ÷ 60 = | $ _____ |
   | _____ | _____ | $ _____ | ÷ 60 = | + $ _____ |
   | | | Total  $ _____ | | Copy total here ➜  $ _____ |

35. **Do you owe any priority claims such as a priority tax, child support, or alimony — that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

   ☑ No.  Go to line 36.
   ❑ Yes. Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

   Total amount of all past-due priority claims ................................................. $ _____  ÷ 60 =  $ _____

Debtor 1   Alexander _____ Nicolas _____          Case number (if known) 20-12575-ELF _____
           First Name   Middle Name   Last Name

41. 41a. **Fill in the amount of your total nonpriority unsecured debt.** If you filled out *A
    Summary of Your Assets and Liabilities and Certain Statistical Information Schedules*
    (Official Form 106Sum), you may refer to line 3b on that form.........................................................   $_____

                                                                          x  .25

    41b. **25% of your total nonpriority unsecured debt.** 11 U.S.C. § 707(b)(2)(A)(i)(I).
         Multiply line 41a by 0.25. ...............................................................................   $_____   Copy
                                                                                              here➡   $_____

42. **Determine whether the income you have left over after subtracting all allowed deductions
    is enough to pay 25% of your unsecured, nonpriority debt.**
    Check the box that applies:

    ❏ **Line 39d is less than line 41b.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse.*
      Go to Part 5.

    ❏ **Line 39d is equal to or more than line 41b.** On the top of page 1 of this form, check box 2, *There is a presumption
      of abuse.* You may fill out Part 4 if you claim special circumstances. Then go to Part 5.

## Part 4:   Give Details About Special Circumstances

43. **Do you have any special circumstances that justify additional expenses or adjustments of current monthly income for which there is no
    reasonable alternative?** 11 U.S.C. § 707(b)(2)(B).

    ❏ No.  Go to Part 5.

    ☑ Yes. Fill in the following information. All figures should reflect your average monthly expense or income adjustment
           for each item. You may include expenses you listed in line 25.

    You must give a detailed explanation of the special circumstances that make the expenses or income
    adjustments necessary and reasonable. You must also give your case trustee documentation of your actual
    expenses or income adjustments.

    | Give a detailed explanation of the special circumstances | Average monthly expense or income adjustment |
    |---|---|
    | My daughter had and reecoured in a mental Phychosis | $          2,500.00 |
    | Special travel expenses were paid for patient treatment. | $_____ |
    | _____ | $_____ |
    | _____ | $_____ |

## Part 5:   Sign Below

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

✗ _____          ✗ _____
  Signature of Debtor 1                          Signature of Debtor 2

Date 4/14/2026                                 Date _____
     MM / DD / YYYY                                  MM / DD / YYYY

Debtor 1    Alexander                          Nicolas                          Case number (if known) 20-12575-ELF
             First Name    Middle Name    Last Name

36. **Are you eligible to file a case under Chapter 13?** 11 U.S.C. § 109(e).
For more information, go online using the link for *Bankruptcy Basics* specified in the separate
instructions for this form. *Bankruptcy Basics* may also be available at the bankruptcy clerk's office.

☑ No. Go to line 37.

❑ Yes. Fill in the following information.

Projected monthly plan payment if you were filing under Chapter 13          $_____

Current multiplier for your district as stated on the list issued by the
Administrative Office of the United States Courts (for districts in Alabama and
North Carolina) or by the Executive Office for United States Trustees (for all
other districts).                                                             X  _____

To find a list of district multipliers that includes your district, go online using the
link specified in the separate instructions for this form. This list may also be
available at the bankruptcy clerk's office.

Average monthly administrative expense if you were filing under Chapter 13    $_____  Copy total here➡    $_____

37. **Add all of the deductions for debt payment.**
Add lines 33e through 36. .................................................................................................................    $____0.00

**Total Deductions from Income**

38. **Add all of the allowed deductions.**

Copy line 24, *All of the expenses allowed under IRS*            $____8,341.00
*expense allowances*...............................................

Copy line 32, *All of the additional expense deductions*.........    $____4,900.00

Copy line 37, *All of the deductions for debt payment*.............  + $____0.00

Total deductions    $____13,241.00    Copy total here ...........................➡    $____13,241.00

---

**Part 3:    Determine Whether There Is a Presumption of Abuse**

39. **Calculate monthly disposable income for 60 months**

39a.  Copy line 4, *adjusted current monthly income* .....    $____7,660.00

39b.  Copy line 38, *Total deductions*..........    – $____13,241.00

39c.  Monthly disposable income. 11 U.S.C. § 707(b)(2).    $____7,660.00    Copy here➡    $____7,660.00
       Subtract line 39b from line 39a.

       For the next 60 months (5 years)..............................................................    x 60

39d.  **Total.** Multiply line 39c by 60. ..................................................................    $459,000.00  Copy here➡    $459,000 00

40. **Find out whether there is a presumption of abuse.** Check the box that applies:

☑ **The line 39d is less than $9,075\*.** On the top of page 1 of this form, check box 1, *There is no presumption of abuse.* Go to
Part 5.

❑ **The line 39d is more than $15,150\*.** On the top of page 1 of this form, check box 2, *There is a presumption of abuse.* You
may fill out Part 4 if you claim special circumstances. Then go to Part 5.

❑ **The line 39d is at least $9,075\*, but not more than $15,150\*.** Go to line 41.

\* Subject to adjustment on 4/01/25, and every 3 years after that for cases filed on or after the date of adjustment.

# Dashboard

 We are working to update our systems to display your income-driven repayment (IDR) payment count and history in compliance with a court order affecting IDR plans. Learn more: StudentAid.gov/courtactions.

## Next Payment Due

Mohela

Total Due ⑦

### $407.00

Payment due on 4/13/2026

**Pay at MOHELA** ⎘

## PSLF/TEPSLF Payment Progress
*Last updated on 04/03/2026*

View Details

**Loan 34**

118 qualifying payments                                         Out of 120

**Loan 35**

118 qualifying payments                                         Out of 120

**Loan 28**

60 qualifying payments                                          Out of 120

Show more loans ⌄

## Plan Ahead

You must complete the *Free Application for Federal Student Aid* (FAFSA®) form for each year of school in which you need financial aid. There is a deadline for your school, for your state, and for us.



Start a New 2026–27 FAFSA® Form

**Start New Form**

Need to start the 2025–26 FAFSA form?     Start a 2025–26 Form

 **Hi! Need help?**

## My Loans

View My Loans

Total Balance ⑦          Interest Rates ⑦

# $476,475.65          0.00 – 9.08%

in 52 loans

Repayment Plan
Standard Repayment Plan

Recertification Date
12/09/2026

Repayment Plan
Saving on a Valuable Education (SAVE) Plan

Recertification Date
12/09/2026

Repayment Plan
Income-Based Repayment Plan (IBR)

Recertification Date
12/09/2026

Last Updated 04/06/2026

## My Loan Servicers   View More >

**DEPT OF ED/AIDVANTAGE**

aidvantage.studentaid.gov/ ☑

**DEPT OF ED/MOHELA**

mohela.studentaid.gov/ ☑

## My Activity      View All Activity >

### 2025–26 FAFSA® Form

( ✐ Draft )

*Last Updated: 02/03/2025*

### Public Service Loan Forgiveness (PSLF) Form

✅ Completed

*Completed on: 11/28/2025*

 TRENTON PUBLIC SCHOOL DISTRICT

### Public Service Loan Forgiveness (PSLF) Form

  🦉 Hi! Need help?

*Completed*

*Completed on: 11/07/2025*

 TRENTON PUBLIC SCHOOL DISTRICT

Public Service Loan Forgiveness (PSLF) Form

 Completed

*Completed on: 10/25/2018*

 TRENTON BOARD OF EDUCATION

Public Service Loan Forgiveness (PSLF) Form

Completed

*Completed on: 04/21/2017*

TRENTON BOARD OF EDUCATION

## Checklists

### I'm Preparing for School


- Complete the FAFSA® form to apply for financial aid for college or career school

- Complete entrance counseling before getting a student loan

- Complete a *Master Promissory Note* (MPN) to take out a federal student loan

- Complete your Annual Student Loan Acknowledgment each year you get a new loan to review your borrower responsibilities

- Review academic and financial preparation checklists to help you get into and afford the school of your choice

- Explore your career options using keywords or a customized search tool

- Compare schools using the *College Scorecard*

- Get tips and resources to help research colleges or career schools

- Learn about the types of aid— grants, work-study, loans, and scholarships —that can help you pay for college

- Compare school aid offers to see which school will be the most affordable

- Learn about how developing a budget can help you manage your finances

### I'm in School

Hi! Need help?

I'm in Repayment ⌄

I'm a Parent ⌄

More Resources ⌄

## Announcements

One Big Beautiful Bill Act Updates

2026–27 FAFSA® Form Now Available

Enhancements to StudentAid.gov Now Available

See More News and Events

Read Our Latest Articles

Federal Student Aid posts financial aid info and tips on a regular basis

Hi! Need help?

**0 - Subsidized Loan**

*Disbursed on N/A*

Expected Forgiveness Eligibility (TEPSLF) ⑦

N/A

N/A Qualifying Payments  (120 remaining)                          Out of 120

Show Payment Summary ⌄

**40 - Unsubsidized Loan**

*Disbursed on 08/08/2014*

Expected Forgiveness Eligibility (TEPSLF) ⑦

N/A

N/A Qualifying Payments  (120 remaining)                          Out of 120

Show Payment Summary ⌄

**0 - Unsubsidized Loan**

*Disbursed on N/A*

Expected Forgiveness Eligibility (TEPSLF) ⑦

N/A

N/A Qualifying Payments  (120 remaining)                          Out of 120

Show Payment Summary ⌄

**0 - Subsidized Loan**

*Disbursed on N/A*

Expected Forgiveness Eligibility (TEPSLF) ⑦

N/A

N/A Qualifying Payments  (120 remaining)                          Out of 120

Show Payment Summary ⌄

**0 - Subsidized Loan**

*Disbursed on N/A*

Expected Forgiveness Eligibility (TEPSLF) ⑦

N/A

 Hi! Need help?

N/A Qualifying Payments  (120 remaining)                                                                    Out of 120

Show Payment Summary  ⌄

### 0 - Unsubsidized Loan
*Disbursed on N/A*

Expected Forgiveness Eligibility (TEPSLF) ⑦
N/A

N/A Qualifying Payments  (120 remaining)                                                                    Out of 120

Show Payment Summary  ⌄

### 0 - Unsubsidized Loan
*Disbursed on N/A*

Expected Forgiveness Eligibility (TEPSLF) ⑦
N/A

N/A Qualifying Payments  (120 remaining)                                                                    Out of 120

Show Payment Summary  ⌄

### 0 - Consolidation Loan
*Disbursed on N/A*

Expected Forgiveness Eligibility (TEPSLF) ⑦
N/A

N/A Qualifying Payments  (120 remaining)                                                                    Out of 120

Show Payment Summary  ⌄

### 27 - Unsubsidized Loan
*Disbursed on 01/25/2013*

Expected Forgiveness Eligibility (TEPSLF) ⑦
N/A

N/A Qualifying Payments  (120 remaining)                                                                    Out of 120

Show Payment Summary  ⌄

### 22 - Subsidized Loan
*Disbursed on 04/26/2011*

 Hi! Need help?

N/A Qualifying Payments (120 remaining)

Out of 120

Show Payment Summary ⌄

### 28 - Unsubsidized Loan
*Disbursed on 01/29/2013*

Expected Forgiveness Eligibility (TEPSLF) ⑦
N/A

N/A Qualifying Payments (120 remaining)

Out of 120

Show Payment Summary ⌄

### 30 - Unsubsidized Loan
*Disbursed on 02/22/2013*

Expected Forgiveness Eligibility (TEPSLF) ⑦
N/A

N/A Qualifying Payments (120 remaining)

Out of 120

Show Payment Summary ⌄

### 20 - Subsidized Loan
*Disbursed on 04/28/2010*

Expected Forgiveness Eligibility (TEPSLF) ⑦
N/A

N/A Qualifying Payments (120 remaining)

Out of 120

Show Payment Summary ⌄

### 0 - Consolidation Loan
*Disbursed on N/A*

Expected Forgiveness Eligibility (TEPSLF) ⑦
N/A

N/A Qualifying Payments (120 remaining)

Out of 120

Show Payment Summary ⌄

🦉 Hi! Need help?

## 0 - Consolidation Loan

*Disbursed on N/A*

Expected Forgiveness Eligibility (TEPSLF) ⑦

N/A

**N/A Qualifying Payments** (120 remaining)

Out of 120

Show Payment Summary ⌄

## 0 - Subsidized Loan

*Disbursed on N/A*

Expected Forgiveness Eligibility (TEPSLF) ⑦

N/A

**N/A Qualifying Payments** (120 remaining)

Out of 120

Show Payment Summary ⌄

## 0 - Subsidized Loan

*Disbursed on N/A*

Expected Forgiveness Eligibility (TEPSLF) ⑦

N/A

**N/A Qualifying Payments** (120 remaining)

Out of 120

Show Payment Summary ⌄

## 37 - Graduate PLUS Loan

*Disbursed on 04/22/2014*

Expected Forgiveness Eligibility (TEPSLF) ⑦

N/A

**N/A Qualifying Payments** (120 remaining)

Out of 120

Show Payment Summary ⌄

## 33 - Graduate PLUS Loan

*Disbursed on 08/14/2013*

Expected Forgiveness Eligibility (TEPSLF) ⑦

N/A

**N/A Qualifying Payments** (120 remaining)

 Hi! Need help?

### 35 - Graduate PLUS Loan
*Disbursed on 08/22/2013*

Expected Forgiveness Eligibility (TEPSLF) ⑦
N/A

**N/A Qualifying Payments**  (120 remaining)                                           Out of 120

Show Payment Summary ⌄

### 43 - Consolidation Loan
*Disbursed on 04/12/2016*

This loan balance has been paid off.

### 47 - Graduate PLUS Loan
*Disbursed on 06/04/2023*

This loan balance has been paid off.

### 45 - Graduate PLUS Loan
*Disbursed on 01/10/2021*

This loan balance has been paid off.

### 19 - Unsubsidized Loan
*Disbursed on 04/12/2009*

This loan balance has been paid off.

### 42 - Graduate PLUS Loan
*Disbursed on 02/05/2015*

This loan balance has been paid off.

### 23 - Unsubsidized Loan
*Disbursed on 04/26/2011*

This loan balance has been paid off.

 Hi! Need help?

### 39 - Graduate PLUS Loan
*Disbursed on 10/28/2014*

This loan balance has been paid off.

### 24 - Subsidized Loan
*Disbursed on 04/24/2012*

This loan balance has been paid off.

### 34 - Unsubsidized Loan
*Disbursed on 01/21/2014*

This loan balance has been paid off.

### 38 - Unsubsidized Loan
*Disbursed on 01/28/2015*

This loan balance has been paid off.

### 26 - Unsubsidized Loan
*Disbursed on 04/23/2013*

This loan balance has been paid off.

### 3 - Subsidized Loan
*Disbursed on 01/11/1996*

This loan balance has been paid off.

### 32 - Unsubsidized Loan
*Disbursed on 03/12/2013*

This loan balance has been paid off.

### 29 - Unsubsidized Loan
*Disbursed on 02/06/2013*

This loan balance has been paid off.

 Hi! Need help?

### 31 - Unsubsidized Loan

*Disbursed on 02/28/2013*

This loan balance has been paid off.

### 18 - Subsidized Loan

*Disbursed on 04/12/2009*

This loan balance has been paid off.

### 21 - Unsubsidized Loan

*Disbursed on 04/28/2010*

This loan balance has been paid off.

### 36 - Graduate PLUS Loan

*Disbursed on 10/31/2013*

This loan balance has been paid off.

### 25 - Unsubsidized Loan

*Disbursed on 04/24/2012*

This loan balance has been paid off.

### 15 - Subsidized Loan

*Disbursed on 08/11/2005*

This loan is ineligible for PSLF or TEPSLF.

View Recommended Actions

### 16 - Unsubsidized Loan

*Disbursed on 08/11/2005*

This loan is ineligible for PSLF or TEPSLF.

View Recommended Actions

### 13 - Subsidized Loan

*Disbursed on 01/24/2005*

This loan is ineligible for PSLF or TEPSLF.

 Hi! Need help?

### 14 - Unsubsidized Loan
*Disbursed on 01/24/2005*

This loan is ineligible for PSLF or TEPSLF.

View Recommended Actions

### 11 - Subsidized Loan
*Disbursed on 07/26/2004*

This loan is ineligible for PSLF or TEPSLF.

View Recommended Actions

### 12 - Unsubsidized Loan
*Disbursed on 07/26/2004*

This loan is ineligible for PSLF or TEPSLF.

View Recommended Actions

### 5 - Subsidized Loan
*Disbursed on 10/30/1996*

This loan is ineligible for PSLF or TEPSLF.

View Recommended Actions

### 6 - Unsubsidized Loan
*Disbursed on 10/30/1996*

This loan is ineligible for PSLF or TEPSLF.

View Recommended Actions

### 2 - Subsidized Loan
*Disbursed on 05/01/1995*

This loan is ineligible for PSLF or TEPSLF.

View Recommended Actions

### 1 - Subsidized Loan
*Disbursed on 02/28/1995*

This loan is ineligible for PSLF or TEPSLF.

View Recommended Actions

 Hi! Need help?

**17 - Consolidation Loan**

*Disbursed on 09/12/2006*

This loan is ineligible for PSLF or TEPSLF.

View Recommended Actions

**9 - Consolidation Loan**

*Disbursed on 02/25/2004*

This loan is ineligible for PSLF or TEPSLF.

View Recommended Actions

**10 - Consolidation Loan**

*Disbursed on 02/25/2004*

This loan is ineligible for PSLF or TEPSLF.

View Recommended Actions

**7 - Consolidation Loan**

*Disbursed on 01/06/2004*

This loan is ineligible for PSLF or TEPSLF.

View Recommended Actions

**8 - Consolidation Loan**

*Disbursed on 01/06/2004*

This loan is ineligible for PSLF or TEPSLF.

View Recommended Actions

Hi! Need help?

## PSLF Payments

Payment Eligibility

| PSLF & TEPSLF | PSLF Only

Loan Details                    Payment History                    Employment Certification

---

**ⓘ Updates in Progress**

We continue to work on updating your PSLF payment counts and during this time period, your payment counts may shift or appear incomplete. Check back for updates periodically.

## Qualifying Payments ⓘ

### 49 - Consolidation Loan
*Disbursed on 08/05/2024*

Expected Forgiveness Eligibility (TEPSLF) ⓘ
Jun, 2026

**118 Qualifying Payments** (2 remaining)                    **Out of 120**

Show Payment Summary ⌄

### 50 - Consolidation Loan
*Disbursed on 08/05/2024*

Expected Forgiveness Eligibility (TEPSLF) ⓘ
Jun, 2026

**118 Qualifying Payments** (2 remaining)                    **Out of 120**

Show Payment Summary ⌄

### 44 - Consolidation Loan
*Disbursed on 04/12/2016*

Expected Forgiveness Eligibility (TEPSLF) ⓘ
Apr, 2031

**60 Qualifying Payments** (60 remaining)                    **Out of 120**

Show Payment Summary ⌄

### 52 - Graduate PLUS Loan
*Disbursed on 06/01/2025*

🦉 **Hi! Need help?**

Expected Forgiveness Eligibility (TEPSLF) ⓘ

0 Qualifying Payments  (120 remaining)                                    Out of 120

Show Payment Summary ⌄

## 51 - Graduate PLUS Loan
*Disbursed on 11/10/2024*

Expected Forgiveness Eligibility (TEPSLF) ⊘
Apr, 2036

0 Qualifying Payments  (120 remaining)                                    Out of 120

Show Payment Summary ⌄

## 48 - Graduate PLUS Loan
*Disbursed on 06/02/2024*

Expected Forgiveness Eligibility (TEPSLF) ⊘
Apr, 2036

0 Qualifying Payments  (120 remaining)                                    Out of 120

Show Payment Summary ⌄

## 46 - Graduate PLUS Loan
*Disbursed on 02/03/2022*

Expected Forgiveness Eligibility (TEPSLF) ⊘
Apr, 2036

0 Qualifying Payments  (120 remaining)                                    Out of 120

Show Payment Summary ⌄

## 0 - Consolidation Loan
*Disbursed on N/A*

Expected Forgiveness Eligibility (TEPSLF) ⊘
N/A

N/A Qualifying Payments  (120 remaining)                                    Out of 120

Show Payment Summary ⌄

 Hi! Need help?

**0 - Subsidized Loan**

*Disbursed on N/A*

Expected Forgiveness Eligibility (TEPSLF) ⑦

N/A

N/A Qualifying Payments  (120 remaining)

Out of 120

Show Payment Summary ∨

**41 - Graduate PLUS Loan**

*Disbursed on 10/28/2014*

Expected Forgiveness Eligibility (TEPSLF) ⑦

N/A

N/A Qualifying Payments  (120 remaining)

Out of 120

Show Payment Summary ∨

**4 - Unsubsidized Loan**

*Disbursed on 01/11/1996*

Expected Forgiveness Eligibility (TEPSLF) ⑦

N/A

N/A Qualifying Payments  (120 remaining)

Out of 120

Show Payment Summary ∨

**0 - Consolidation Loan**

*Disbursed on N/A*

Expected Forgiveness Eligibility (TEPSLF) ⑦

N/A

N/A Qualifying Payments  (120 remaining)

Out of 120

Show Payment Summary ∨

**0 - Unsubsidized Loan**

*Disbursed on N/A*

Expected Forgiveness Eligibility (TEPSLF) ⑦

N/A

N/A Qualifying Payments  (120 remaining)

Hi! Need help?